I respectfully dissent from the majority opinion for the following reasons.
The purpose of expungement pursuant to R.C. 2953.33(A) is to restore an individual to all rights and privileges not otherwise restored by termination of sentence or probation or by final release on parole. This allows individuals to get on with their lives without having a criminal record hanging over their heads, thwarting future endeavors such as in employment or licensing opportunities. The Ohio legislature has provided the means by which an individual can expunge a criminal record. However, the Ohio legislature has also provided that individuals who hold public office and commit a theft in office, are forever disqualified from holding any public office. Therefore, the legislature has addressed specific conditions and exceptions concerning the expungement of a criminal record.
In a case where an individual's criminal record is hidden from the electorate and upon being elected, such individual does nothing to bring the criminal record to the attention of the public at large or cure the defect, we would have a totally different circumstance than currently exists in the case at bar. In this matter, the conviction was known to the voting public and the Respondent took prompt, while maybe not immediate, action to cure the defect. As such, I would lean toward concurring with the decision reached by the majority in the case sub judice.
However, inasmuch as the expungement of a criminal record deals with giving individuals a fresh start for employment and related purposes, the Ohio legislature, in passing laws relating to the expungement of a criminal record, could clearly have provided that expungement would eliminate any disability for employment in public office if that had been their intent. This writer cannot determine from the current status of the law, the exact nature of the legislature's intent in this regard. Our decision in the case at bar will have far-reaching ramifications for candidates and public office holders throughout the State of Ohio and it is not within the power of this Court, nor is it our purpose, to legislate. As the law stands, the Relator is disqualified from holding public office by virtue of his criminal record and the expungement of such criminal record does not effect his disqualification.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE